please the court counsel mr. Garber has raised a number of issues before the court for your consideration I wish to address three of those issues here this morning I will attempt to reserve approximately one minute of my time for any rebuttal argument the three issues that I would ask the court to focus on in assessment of mr. Garber's case are the due process issue pertaining to the court's failure to abide by the terms of the plea agreement particularly the failure to employ the proof beyond a reasonable doubt standard but let's go through the words of the plea agreement to tell me tell me exactly what violations there are was framed in light of the existent law at the time I the I'm having a little trouble here figuring out what document is determinative because you have one thing that's signed by everybody and then you've got a subsequent thing that's just signed by defense counsel yes your honor the the this was a global settlement the settlement involved litigation activity at both federal state as well as federal state as well as federal the the practice is as I perform before the court in terms of a settlement where we have a global settlement all documentation pertaining to the settlement are placed before the court the document that is signed by all the parties the government counsel myself mr. Garber that is the primary federal settlement agreement to which I refer in these proceedings you're looking at er 15 paragraph 16 correct er 15 paragraph 16 that is correct judge and as well paragraph 3 at er 13 where the parties specified their employment of the sentencing guidelines text the November 1 2003 edition I'm also pointing to the fact that in the course of the courts colloquy with mr. Garber in taking the plea the court agreed to and accepted the terms of the plea agreement and in fact acknowledged where I said to the judge and you will find this at er 40 where I said to the judge judge we reserve the entitlement to have the beyond a reasonable doubt standard applied to sentencing enhancements I'm talking about er 40 that's excerpt of record 40 it would be page 21 of the plea colloquy transfer and if you look there let me ask you a question about those two things usually in the federal language you have an 11e1a an 11e1b or an 11e1c an 11e1c says to the judge either you do what this agreement says or the defendant can withdraw his plea an 11e1b says the prosecutor and the defense agree that the prosecutor will make the following recommendations but the sentence is up to the judge now this does not use express e1b or e1c language and since it does not use express 11e1c language my thought was the judge reads it the judge understands that these are the intentions of the party but the judge nevertheless applies what in his judgment is the law why isn't that the correct reading that I would I would say that's not the correct reading for the court level you do have the 11 that was a district judge that was my practice right well right but in the context there if you come with an 11 but it was e1c I think even though the numerals will change now but if you come with 11 C agreement you've got a specified result you're telling the judge here's the result the parties have agreed to this is what we've agreed to if you're going to accept the terms of plea agreement opposed judgment and sentence you have to abide by that agreement in 11 c1b you're coming before the court you're saying judge these are the recommendations of the parties with respect to what we think ultimately as has been the practice for 17 years the sentencing guidelines computations will be we understand judge that you can in fact ignore our recommendations with respect to the application of particular guidelines and visions yeah I'm thinking this is is like the latter I mean you tell the judge here's the standard of proof so you apply and the judge says well I hear you but that's not right that's not the law but that's not what the judge said and it's in it's different from the situation where you come before the court and you're acknowledging these are recommendations as distinct from where you come before the court and we were in a period of transition and that has to be acknowledged back in the fall I guess it was of 2004 we were in a period of transition but we came before the court with a complicated complex agreement that specified in a number of provisions and again during the course of the allocation I want to ask you about paragraph 14 because that seems to me to be important at least in my thinking it says the defendant understands that sentencing risks within the sole discretion of the court who is not bound by the party's recommendations and it goes on to say you might not if you get more you can't undo this agreement so he knew going in that he might get a longer sentence and that the court might disagree with paragraph 7 wherein the parties agree that there aren't any why doesn't that undermine your argument it doesn't undermine the argument because it doesn't address the constitutional rights that mr. Garver gave up which the government and the court acknowledged that he was surrendering but but he has no constitutional right to a beyond a reasonable doubt standard for an enhancement he just has what was for a time some people's inference from Blakely about what is right under the well if there's a real question I think whether it was mistaken because one can in fact view what happens in Booker which is my ex post facto argument as in fact changing the whole playing field if you will in terms of the application of law I do want to address that but let me just point talk about mr. Garver and his entitlement rights at the time in this circuit at that point time Ameline control the parties had come together in light of Ameline and a lot of prevailing law and they said to the court we're willing to enter a plea agreement to change our plea we're going to do it within the context of the applicable law here's what mr. Garber is willing to surrender his right to an adjudication by a jury with respect to sentencing that was the law at that point in time as a matter of not not necessarily a sixth amendment right but a due process right a due process entitlement to the application of law we're giving that up but we are reserving under applicable law the entitlement to have any enhancement proven beyond a reasonable doubt if it went the other way the contract couldn't possibly be binding in other words if the parties agreed that something had to be proved only by a preponderance but the law was that it had to be beyond a reasonable doubt there'd be no possibility that the party's contract would trump the requirement of the law but why doesn't it work both ways it doesn't work it doesn't it doesn't work both ways here because because at the time this agreement was executed before the court and accepted by the court that is the key and I and I and I apologize for the late provision to you under the 28 J letter of the Seventh Circuit's I think it's a very right decision but there the Seventh Circuit recognized that when you have a contract and you have an agreement and it is accepted by the court the court is obliged to follow it and the court is obliged to follow it on the basis of long-standing well-recognized Fifth Amendment due process and that is why that it doesn't go back because here the parties in their usual circumstances had an agreement the court accepted the agreement and then changed with a change in the law but that change in the law what are you claiming you're entitled to receive if we were to agree with your comments and your argument what would happen with the trial judge then have to look at the materials the the unobjective to materials in the pre-sentencing report and say well now I find beyond a reasonable doubt that the victim was vulnerable and I'm still going to apply this I mean what benefit is there there's tremendous benefit first of all when you we I objected and and you know how this case came before the court and you know how the enhancement was raised at the last minute without any notice and I went in there and I objected to what you know as best I can discern was the direction the court was trying to take the the resolution here again follows Ameline I think it's footnote 14 the court attempted to base its determination using only a preponderance on the pre-sentence report I've objected to I objected to that at the time I object to the portions of the pre-sentencing report on which he relied to find that the victim was especially vulnerable well her troubled childhood and so forth I didn't I didn't object to the comments contained the pre-sentence report because they were so in effect relatively but benign and ambiguous in terms of what in fact that was the situation there and the court relied on an extrapolation from those comments to a mental condition which was never discussed anywhere in the pre-sentence report Ameline says in footnote 14 if the objection is made then the pre- sentence report cannot alone constitute a basis for a determination and what Mr. Garber would like to have this court do is find that his the burden should have been proved on a reasonable doubt the case should be remanded because a sentencing error took place with respect to the application of the guidelines within the context of the plea agreement and we should have an entitlement to have the matter heard on an evidentiary basis as to whether or not you want a new sentencing with a beyond a reasonable doubt standard exactly and I want to have what we would be doing is issuing a mandate to the in violation of current law applying the wrong standard not at all because there's nothing in the current law that says that the parties cannot in fact negotiate and reach an accommodation with respect to the standard of proof that is applicable in the case that can be accepted by the court and applied and as well I would argue and I think the court needs yourselves need to consider the ex post facto implications of the broker remedial opinion what evidence did you introduce indicated that the victim was mature and intelligent I introduced the well I didn't introduce any evidence because the evidence was in fact there was not any evidence oh yes there was judge there was there was there was a considerable amount of evidence concerning the minors maturity in the course of the trial there was a lot of evidence concerning her background there was evidence to anything else besides that at the was introduced at the trial on the on the guilt phase when I well when I when I came before the court for sentencing on that morning judge there was no indication whatsoever from any party the government or the court question my question has to deal only with facts the facts now there was no there was no no testimony whatsoever at the sentencing hearing by you or anybody else that she was mature and intelligent and the only evidence before the judge was a probation report indicating that she was not mature and intelligent I think am I correct or not no sir you're incorrect because number one the probation report did not indicate that she was not mature and intelligent in fact the probation officer a skilled probation officer interviewed the minor did not make any recommendation the court concerning a vulnerable victim enhancement did not make any suggestion of the court that she suffered from any mental infirmity whatsoever and answer if I may most importantly the minor herself filed a victim impact statement with the court in which she said we made the decision together she was capable of making that decision that may be as a matter of the law in terms of her opportunity consent and mr. Garber was wrong in taking her and he was punished by prosecution in federal and state court for that circumstance that doesn't mean that as a matter of fact she was immature or she couldn't didn't have the capacity to make a decision or that she was so infirm mentally as to qualify as being unusually vulnerable thank you counsel we are way over time all right thank you take notes anyway we may give you 30 may please the court recognized for the United States counsel I have a question for you on the topic we've been discussing with opposing counsel the if the parties agree to a higher burden of proof on the government than is otherwise required they can do that and they're bound by it first of all is that your reading of the Seventh Circuit case and secondly if it is should we follow that line of thinking no it's not the government's reading of that case in that particular case the court specifically found that the court below made specific errors in the calculation which raised which led to the defendant sentencing level and based on that error the government then found that there had been a violation of the terms of the of the agreement the court found yes I'm sorry the court found that there was a violation of the terms of the agreement but what we don't have here in front of us is the nature of that agreement there's some language quoted about beyond a reasonable doubt to the court the court specifically vacated the sentence and remanded for sentencing under the sentencing guidelines as mandatory did they say when they vacated the sentence and remanded it I know they did that and I know they said sentence according to the guidelines and I know that under Booker the guidelines would be non-mandatory what I want to know is when the court remanded in the Seventh Circuit in Burrheide for a new sentencing did it tell the judge to use the preponderance of evidence standard that's ordinarily used under the guidelines or the beyond a reasonable doubt standard referred to by the plea it appears to be silent your honor it does not indicate what level of proof that the court below is to use it talked about what it had done but not what it was going to do on remand then yes okay the underlying question though remains if if the government is willing to agree to a higher standard of proof than is otherwise required why shouldn't we hold the government to that promise or bargain well specifically your honor the agreement that the defendant bargained for in its entirety was an agreement to make a recommendation to the court and we agreed to utilize certain burdens along the way to that agreement but there's also a specific sentence and you haven't really answered my question I'm defendant consented to judicial fact-finding and the resolution of sentencing issues according to the standard of beyond a reasonable doubt and the parties agreed that the way they had calculated the baseline sentence were facts that can be proved beyond a reasonable doubt now depending on how we read that that could be read as an agreement by the government also to prove the sentencing issues by that standard if they're really two issues one is you're saying that's not really the government's agreement to do that and I understand that but let's assume we disagree with you and we read that as a government agreement to prove beyond a reasonable doubt why shouldn't we hold the government to that because the court has judicial discretion to either accept or reject the plea agreement in its entirety or portions of it I understand the court's concern with the government coming back now and saying no the argument really should be at a preponderance level the proof should be at a preponderance level the issue was we're operating under a different legal standard at that time with the change in pre-booker and post-booker law with the sentencing coming post-booker the court specifically found below that the court had judicial discretion to either accept or reject the agreement yes it did but the part that gave the court discretion as says that the court can give you any sentence it chooses to you're not going to necessarily get what we are recommending that's true enough but that doesn't really say by what standard additional facts have to be found if the court has discretion to say 71 months instead of 30 months but but that doesn't really answer the question about how the government has to demonstrate that or by what standard the court has to find it I think that the district court when it expressly rejected the terms of the plea agreement by its sentence did so correctly even though the government and the defense had argued and I think the government argued even that the plea agreement should be followed at the district court level even though there was an agreement to abide by the proof of reasonable beyond a reasonable doubt the issue was and mr. shots did not quite get to that effect but the plea agreement the plea petition itself at excerpt of record 5 I believe it is states specifically that the defendant is entering an 11 c1c plea where the judge retains discretion paragraph 9 your honor states specifically my plea of guilty is under 11 c1b therefore the although the judge will consider my recommendations and agreements of both the prosecution and the defense the judge is not obligated to follow those agreements or recommendations so despite the agreement of the parties the court was free to do what it pleased as long as there was a sufficient basis of fact in the record therefore if the court were to follow the holding in Berlin or I think that's how you said Berlin there would be a problem because you would be remanding the case with instructions to the district court to disregard the applicable law as it's currently set secondly you would be ignoring the entirety of the plea agreement wherein it says this agreement gives the judge discretion and is really only a recommendation to the court for a particular sentence and third we don't have the plea agreement in Berlin in front of us we don't know in the language in the opinion suggested it might have been an 11 c1c plea because the at 542 the opinion states in this case the government and Berheid entered into a plea agreement which was accepted by the court and under an 11 c1b plea there is no requirement that the court accept the plea specifically before proceeding despite Mr. Schatz's protestations that the court accepted the plea at the ER 41 the court specifically states that if I accept your plea the agreement is a prediction or a recommendation there are additional areas which should need to be addressed and the that the court of the court needs to be aware of the issues in settled by United States versus DuPasse and again in the United States versus DARE have dispositively disposed of the remaining issues other than the agreement if the court has no further questions for the government I'll submit on the briefs 30 seconds Berheid is not 11 c1c it's clear from the opinion what happened there the was entitled to a properly calculated sentence under the mandatory guidelines the district court in fact had applied the proof beyond reasonable doubt standard clearly the 7th Circuit was sending that case back down to the district court under the mandatory guidelines to use the proof beyond a reasonable doubt standard with respect to the 11 c1b 11 c1c issue 11 c1b makes certain recommendations to the court but it is undeniable that in the record of this case given his posture before the court we reserve and it's at page 40 of the excerpt of record we have reserved the entitlement to have material facts pertinent to determination of any potential change in the range of imprisonment determined by proof beyond a reasonable doubt and the court said to Mr. Garber on that date that's correct sir thank you United States versus Carver is submitted
judges: Ferguson, Kleinfeld, Graber